**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4154**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KELVIN DEWITT GOODE,

                Defendant - Appellant.

_____

**No. 13-4184**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KELVIN DEWITT GOODE,

                Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:07-cr-00298-REP-1)

_____

Submitted: October 22, 2013      Decided: October 30, 2013

_____

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Robert J. Wagner, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael C. Moore, Assistant United States Attorney, Daniel S. Guarnera, Third Year Law Student, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Dewitt Goode appeals his conviction for contempt during the revocation of his supervised release, in violation 18 U.S.C. § 401(1) (2006).[*] Goode claims that the district court erred in finding that his conduct sufficiently obstructed the administration of justice. The Government suggests that 18 U.S.C. § 401(1) does not require proof of an impediment to the court's operation where a party's misconduct occurs before the court and that, in any event, Goode's malfeasance during his revocation hearing was sufficiently obstructive. Because we agree with the Government's second contention, we do not reach the first and affirm.

Generally, we review findings of fact underlying a contempt conviction for clear error, while the ultimate determination of guilt and other questions of law are reviewed de novo. United States v. Peoples, 698 F.3d 185, 189 (4th Cir. 2012), cert. denied, 133 S. Ct. 915 (2013). Goode, however, failed to raise any objection to his summary contempt conviction, and, therefore, we review for plain error. Id. at 192. To establish plain error, Goode must show: (1) there was

---

[*] Although this appeal is consolidated with Goode's appeal of the district court's orders revoking Goode's supervised release and denying Goode's motion to dismiss the petition to revoke his supervised release, Goode has not challenged either order on appeal.

3

error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993).

"To convict someone of criminal contempt in violation of § 401(1), the Government must establish . . . : (1) misbehavior of a person, (2) which is in or near to the presence of the Court, (3) which obstructs the administration of justice, and (4) which is committed with the required degree of criminal intent." Peoples, 698 F.3d at 189 (internal quotation marks omitted). Section 401(1)'s "phrase obstructs the administration of justice . . . lacks precise definition" and "requires some act that will interrupt the orderly process of the administration of justice, or thwart the judicial process." Id. at 190 (internal quotation marks and alteration omitted). "To satisfy the obstruction element it suffices if the defendant's conduct . . . distract[ed] court personnel from, and delay[ed] them in, completing their duties." Id. at 191 (internal quotation marks and alteration omitted).

Here, when the district court asked Goode whether he understood his appellate rights, Goode took the opportunity to editorialize on the fairness of his fines from past convictions. When warned that the court would not argue the matter, Goode disregarded the admonition and commanded that the district court judge not speak further, rounding out his outburst by referring

4

to the judge with an expletive. Although brief, Goode's disregard of the court's inquiry, his failure to desist from further outburst, and his blatant, direct affront to the court's dignity and authority were sufficient to support the district court's conclusion that Goode's wholly needless comments and insults obstructed the orderly completion of his revocation proceeding. See id. at 190-91 (noting that even brief insult directed at court may support contempt conviction). We conclude, therefore, that the district court committed no error, plain or otherwise, in its determination that Goode obstructed the administration of justice.

Accordingly, we affirm Goode's contempt conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5